**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------------X
**Somers Construction Services Inc., a.k.a.**
**Alpha Building and Remodeling, Inc.,**

        -and-   _____

      **Vasyl VEZHDEL,**

            **Plaintiffs,**

        -against-

**Elaine L. CHAO, UNITED STATES SECRETARY OF LABOR;**
**EMPLOYMENT AND TRAINING ADMINISTRATION,**
**Philadelphia Backlog Processing Center;**
**UNITED STATES DEPARTMENT OF LABOR;**

        **Defendants.**
-----------------------------------------------------------------------------------X

**COMPLAINT AND PETITION**
**FOR WRIT OF *MANDAMUS***

**Civil Action Docket No.**

*07 CV 8341 Judge Berman,*
*ECF CASE*

      Plaintiffs, Somers Construction Services, Inc., a.k.a. Alpha Building and Remodeling, Inc.,

and Vasyl Vezhdel, by and through their undersigned attorney, alleges as follows:

1.     This is an action for declaratory and injunctive relief and in the nature of a mandamus to

       compel agency action that has been unlawfully withheld.

2.     The action arises under the Immigration and Nationality Act of 1952, as amended ("the

       Act"), 8 U.S.C. §§ 1101 *et seq*., the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551

       et. seq., and the mandamus statute, 28 U.S.C. § 1361. This Court has subject matter

       jurisdiction pursuant to 28 U.S.C. §1331, §1337 and §1361; the Court may grant relief

       pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq*., the APA, and 28 U.S.C.

       §1361.

3.     Plaintiff Somers Construction Services Inc., a.k.a. Alpha Building and Remodeling, Inc., is

located at14 David Road, Somers, New York, 10589, within the jurisdiction of this Court.

4.    Plaintiff Vasyl Vezhdel is a native and citizen of the Ukraine, and currently resides at 4A Fletcher Road, Monsey, New York, 10952, within the jurisdiction of this Court.

5.    Defendant Elaine L. Chao is sued in her official capacity as the United States Secretary of Labor. In this official capacity the Secretary of Labor has the responsibility for overseeing and administering various labor laws of the United States Department of Labor, and as such, transacts business within the Southern District of New York.

6.    Defendant United States Department of Labor ("DOL"), is sued in its official capacity as the Department responsible for processing Applications for Alien Employment Certification.

7.    Defendant Labor, Employment and Training Administration, Philadelphia Backlog Center, is sued in its official capacity as the agency responsible for processing Applications for Alien Employment Certification, and is the agency with responsibility for adjudicating and processing the Plaintiff's Application for Labor Certification which was transferred from the Alien Labor Certification Unit of the Connecticut State Department of Labor, in accordance with 69 FR 43716 (July 21, 2004).

8.    On or about April 27, 2001, Plaintiff Somers Construction Services, Inc., a.k.a. Alpha Building and Remodeling, Inc., through their prior counsel, filed an application for Alien Employment Certification, Form ETA 750. A copy of the cover letter submitting the Application for Alien Employment Certification, is annexed hereto as Exhibit "A."[1]

---

[1]    In this regard, we do not have a full copy of the Application for Alien Employment Certification that was submitted on behalf of the Plaintiffs. In fact, it appears that one application was filed with the Connecticut Department of Labor, and one was also filed with the New York State Department of Labor. Though we received some prior attorney documents from the Plaintiffs, they are in disarray and not complete. In this regard, we filed a Freedom of Information Act ("FOIA")

9.      Thereafter, Mr. Vezdel's prior attorney resigned from the practice of law, and his files were transferred to another attorney. However, after the initial filing, Mr. Vezhdel and his company had no further contact from the Department of Labor.

10.     After retaining undersigned counsel, the Philadelphia Backlog Center was contacted to ascertain further information regarding the initial filing. A copy of our initial letter, dated May 9, 2006, is annexed hereto as Exhibit "B."

11.     Thereafter, on or about August 31, 2006, a Freedom of Information Act ("FOIA") request was forwarded to the DOL, for a complete copy of the file maintained by the DOL. A copy of that letter is annexed hereto as Exhibit "C."

12.     After receiving no response from the DOL regarding this matter, on or about April 12, 2007, a Notice of Intent to File Mandamus was forwarded to the attention of the Philadelphia Backlog Center. A copy of our April 12, 2007, letter is annexed hereto as Exhibit "D."

13.     In May of 2007, the DOL forwarded a response to our FOIA request. Enclosed therein were documents confirming that an application had been previously filed, including a Center Receipt Notification Letter dated December 21, 2006, directed to the attention of Plaintiffs' former attorney, and a Case Re-Open Notification letter, directed to Plaintiffs' former attorney. Interestingly, however, the DOL failed to enclosed the Application for Alien Employment Certification, and only enclosed the cover letter. Copies of these notices, which include a previously unknown ETA Case Number are annexed hereto as Exhibit "E." It should be noted that these notices were never forwarded to the attention of Plaintiffs' current

_____

with the DOL, and unfortunately, only received a copy of the cover letter submitted with the filing and not the attachments.

counsel, despite our filing our Notice of Appearance. *See*, Exhibit "B."

14.    As of this date, over six years since the application was filed, no decision has been rendered.

## COUNT ONE

15.    The allegations set forth in paragraphs 1 through 14 above are repeated and realleged as though fully set forth herein.

16.    Under the APA, 5 U.S.C. §555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them.  Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action which has unlawfully been withheld or unreasonably delayed.

17.    The continuing failure of the Defendants to adjudicate the application for Alien Labor Certification violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

## COUNT TWO

18.    The allegations set forth in paragraphs 1 through 14 above are repeated and re-alleged as though fully set forth herein.

19.    The actions of the Defendants in failing to adjudicate the application for Alien Labor Certification, deprive Plaintiffs' of a protected interest contrary to the Due Process clause of the Fifth Amendment of the U.S. Constitution.

**WHEREFORE**, Plaintiffs demand judgment against defendants as follows:

a.    Declaring the failure of the U.S. Department of Labors' failure to adjudicate the Application for Labor Certification to be unlawful;

b.    Order the Defendants to adjudicate the Application for Alien Labor Certification, Form ETA 750, immediately;

c.    Grant the Plaintiffs' costs and attorney's fees; and

      d.      Grant any and all other relief the Court deems just and proper.

Dated: August 23, 2007
       Melville, New York

                                    _____

                                      Michael P. DiRaimondo
                                      DiRaimondo & Masi, LLP
                                      Attorneys for the Plaintiffs
                                      401 Broadhollow Road, Suite 302
                                      Melville, New York 11747
                                      (631) 777-5557

**UNITED STATES DISTRICT COURT**
--------------------SOUTHERN DISTRICT OF NEW YORK--------------------

-----------------------------------------------------------------X

Somers Construction Services Inc., a.k.a.
Alpha Building and Remodeling, Inc.,
        -and-

      Vasyl VEZDEL,                                **SUMMONS IN A CIVIL ACTION**
                                                 **CIVIL ACTION No.**

          **Plaintiffs,**

        -   against   -

Elaine L. CHAO, UNITED STATES SECRETARY OF LABOR;
EMPLOYMENT AND TRAINING ADMINISTRATION,
Philadelphia Backlog Processing Center;
UNITED STATES DEPARTMENT OF LABOR,

          **Defendants.**
-----------------------------------------------------------------X

TO:    U.S. Department of Labor    -and-    Elaine L. Chao
        Francis Perkins Building                  U.S. Secretary of Labor
        200 Constitution Ave., NW            U.S. Department of Labor
        Washington, D.C. 20210                200 Constitution Ave., NW
                                                        Washington, D.C. 20210

                                    -and-
               **Employment and Training Administration**
         **Philadelphia Backlog Center1 Belmont Avenue, Suite 220**
                      **Bala Cynwyd, PA 19004**

        **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court
and serve upon **PLAINTIFFS' ATTORNEY:**
             Michael P. DiRaimondo, Esq.
             DiRaimondo & Masi, LLP
             401 Broadhollow Road, Suite 302
             Melville, NY 11747
             (631) 777-5557
an answer to the complaint which is herewith served upon you, within 60 days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint.


_____     _____
            , Clerk         Date

_____
**By Deputy Clerk**